```
                                 UNITED STATES DISTRICT COURT
                                 SOUTHERN DISTRICT OF FLORIDA

                                 CASE NO. 08-Civ-22993-LENARD
                                 MAGISTRATE JUDGE P.A. WHITE

KEITH BROWN,                     :

     Petitioner,                 :

v.                               :      REPORT OF
                                        MAGISTRATE JUDGE
WALTER A. McNEIL,                :

     Respondent.                 :
_____
```

## I.  Introduction

Keith Brown, who is presently confined at New River Correctional Institution in Raiford, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number F05-27969, entered in the Eleventh Judicial Circuit Court for Miami-Dade County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus, the Respondent's response to an order to show cause and appendix of exhibits.

## II.  Procedural History

Brown was adjudicated guilty of armed burglary, third-degree grand theft, and third degree grand theft with a firearm pursuant to a guilty plea. [DE# 11, App. C]. On April 17, 2006, the trial

1

court sentenced Brown to 366 days imprisonment, all counts running concurrently, with credit for time served prior to sentencing. [DE# 11, App. D]. A separate order of supervision added two years of probation. [DE# 11, App. E]. The court entered a corrected sentence on May 30, 2006, clarifying that the incarceration was to be followed by two years of probation. [DE# 11, App. F].

Brown was apparently released to serve the probationary portion of his sentence on August 1, 2006. [DE# 11, App. A]. On October 24, 2006, the court added 30 days of jail time due to a probation violation. [DE# 11, App. G].

On May 30, 2007, the court revoked Brown's probation and sentenced him to three years imprisonment, all counts running concurrently, with 40 days of jail credit for time served prior to sentencing. [DE# 11, App. H].

On July 5, 2007, Brown filed a Motion for Mitigation of Sentence in which he argued he was denied effective assistance of counsel in violation of due process because counsel had not had time to prepare a case on his behalf. [DE# 11, App. I]. The court denied relief on August 6, 2007, because Brown failed to allege prejudice. [DE# 11, App. J].

On August 23, 2007, Brown filed a Motion to Correct Sentence in which he argued that, upon revocation and resentencing, the court failed to give him credit for time he served on the incarcerative portion of his split sentence. [DE#11, App. K]. The court denied the motion without prejudice because its factual and legal allegations were insufficient. [DE# 11, App. L].

Brown filed a second Motion to Correct Illegal Sentence on

2

November 6, 2007. He contended his sentence following the April 8, 2007, probation violation was illegal under Florida law because the court failed to provide credit for the time he served on his original sentence (366 days), and his first probation violation (30 days). [DE# 11, App. M]. The court found the motion insufficient and denied it without a hearing on January 15, 2008. [DE# 11, App. N]. The Third District granted a belated appeal[1] (case number 3D08-1897), then per curiam affirmed on September 17, 2008. Brown v. State, 993 So. 2d 529 (Fla. 3d DCA 2008) (3D08-2048). The mandate issued on October 16, 2008.

On February 25, 2008, Brown filed a Motion to Rule on the motion seeking jail credit. [DE# 11, App. O]. The court denied the motion as moot on March 31, 2008. [DE# 11, App. P]. The Third District Court of Appeal per curiam affirmed. Brown v. State, 986 So. 2d 611 (Fla. 3d DCA 2008) (3D08-1019). The mandate issued on July 22, 2008. [DE# 11, App. S].

Brown filed the instant petition for habeas corpus on October 21, 2008. He argues the denial of prison credit following violation of probation on a split sentence deprived him due process. Stated differently, Brown asserts the trial court failed to apply Florida law regarding credit for time served on a split sentence following probation revocation. The Respondent correctly argues this claim is not cognizable on habeas review because it is unexhausted and presents an issue of state law.

### III. Exhaustion

An applicant's federal writ of habeas corpus will not be

---

[1] The Court takes judicial notice of the records pertaining to Brown maintained by the Clerk of Courts, Third District Court of Appeal, located at http://199.242.69.70/pls/ds/ds_docket_search?pscourt=3. See Fed. R. Ev. 201.

granted unless the applicant exhausted his state court remedies. 28 U.S.C. § 2254(b), (c).[2] A claim must be presented to the highest court of the state to satisfy the exhaustion requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5th Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982). "It is not sufficient merely that the federal habeas petitioner has been through the state courts ... nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." Kelley v. Sec'y, Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004) (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971); Anderson v. Harless, 459 U.S. 4, 6 (1982)). A petitioner is required to present his claims to the state courts such that the courts have the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. at 275-77. To satisfy this requirement, "[a] petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights." Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337 (11th Cir. 2007) (citing Duncan

---

[2] Section 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

4

v. Henry, 513 U.S. 364, 365 (1995)). "Thus, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues." Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998).

Brown has failed to exhaust his present claim – that the trial court's failure to credit him with time served violated due process – by raising it in the Florida courts. In his motion to correct an illegal sentence, Brown argued that the trial court's failure to credit him with time served violated Florida law. [DE# 11, App. M]. He supported his argument solely by citing Florida cases. He never argued his sentence violated any federal constitutional right or cited any federal law. The Florida courts summarily denied relief without noting any constitutional claim or citing federal law. As such, Brown did not fairly present the instant due process claim to the Florida courts for purposes of federal habeas review. See Pearson v. Sec'y, Dep't of Corr., 273 Fed. Appx. 847 (11th Cir. 2008) (due process habeas claim unexhausted where petitioner cited exclusively to state cases and nothing would have alerted the state courts to the presence of a federal due process claim); Jimenez, 481 F.3d at 1342 (petitioner failed to exhaust habeas due process claim where state-court claim was based solely on Florida case law). This claim is therefore unexhausted and Brown is not entitled to have it considered on the merits.

## IV. Discussion

Even if Brown had exhausted his claim, relief should be denied on the merits because he raises an issue of state law. Federal habeas relief is available only to correct constitutional injury. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding errors that do not infringe a defendant's constitutional rights provide no basis for

federal habeas corpus relief); Barclay v. Florida, 463 U.S. 939, 958-59 (1983) ("[m]ere errors of state law are not the concern of this court ... unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted). Questions of state law and procedure "rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" Tejada v. Dugger, 941 F.2d 1551, 1560 (11th Cir. 1991) (quoting Carrizales v. Wainwright, 699 F.2d 1053, 1053-54 (11th Cir. 1983)). Federal habeas corpus review of a state law claim is, therefore, precluded if no due process violations or facts indicating such violations are alleged. This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)). More specifically, in the area of state sentencing, the Eleventh Circuit has held consistently that federal courts cannot review a state court's alleged failure to adhere to its own sentencing procedures. Id.

Pursuant to this principle, Brown has stated no claim for which federal habeas corpus relief is available. The sentencing court's failure to credit Brown with the time he served on his split sentence prior to probation revocation, even if true, is a Florida court's interpretation of Florida's rules and does not amount to a denial of fundamental due process. See, e.g., Travis v. Lockhart, 925 F.2d 1095, 1097 (8th Cir. 1991); Oliver v. McNeil, 2009 WL 1149289 (S.D. Fla. April 29, 2009) (habeas review unavailable for claim petitioner was denied credit for time served on split sentence prior to probation revocation). Under such

circumstances, no federal constitutional right is implicated. <u>See</u> <u>Branan v. Booth</u>, 861 F.2d at 1508.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this <u>11th</u> day of June, 2009.

*[signature]*

UNITED STATES MAGISTRATE JUDGE

cc:  Keith Brown, <u>pro se</u>
     DC# M37088
     New River C.I.
     7819 N.W. 228 Street
     Raiford, FL 32026-3000

     Nicholas A. Merlin, AAG
     Office of the Attorney General
     444 Brickell Ave., Suite 650
     Miami, FL 33131